**DAVID P. COOPER, OSB No. 880367**
Email: cooper@khpatent.com
**OWEN W. DUKELOW, OSB No. 965318**
Email: dukelow@khpatent.com
**KOLISCH HARTWELL, P.C.**
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone:  (503) 224-6655
Facsimile:  (503) 295-6679

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## PORTLAND DIVISION

| | | |
|---|---|---|
| **SINGAPORE MATH, INC.,**<br>   an Oregon corporation,<br><br>   **Plaintiff**,<br><br>   v.<br><br>**HOUGHTON MIFFLIN HARCOURT PUBLISHING COMPANY**,<br><br><br><br>   **Defendant**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **No. 3:12-cv-1583**<br><br>**COMPLAINT FOR FEDERAL TRADEMARK INFRINGEMENT, FALSE DESIGNATION OF ORIGIN, AND UNLAWFUL BUSINESS, TRADE PRACTICES**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff Singapore Math, Inc. ("Singapore Math") alleges, based upon actual knowledge with respect to Plaintiff and Plaintiff's acts, and based upon information and belief with respect to all other matters, against Defendant Houghton Mifflin Harcourt Publishing Company ("Defendant HMH") as follows:

<u>NATURE OF THE CASE</u>

1.    This is a civil action for federal trademark infringement in violation of 15 U.S.C. § 1114(1), false designation of origin, unfair competition in violation of 15 U.S.C. § 1125(a), and unlawful business, trade practices under ORS 646.608 *et seq.*.

<u>PARTIES</u>

2.    Plaintiff Singapore Math, Inc. is an Oregon corporation located at 404 Beavercreek Rd., #225, Oregon City, Oregon 97045.

3.    Defendant HMH is a Massachusetts corporation located at 222 Berkeley Street, Boston, MA 02116.  HMH is the reorganized entity emerging on June 22, 2012 (the "Effective Date"), as a result of the confirmed reorganization plan in the Chapter 11 cases of In re Houghton Mifflin Harcourt Publishing Company et al., Case No. 12-12171 (Bankr. S.D.N.Y.).  All the allegations in this Complaint pertain to conduct occurring on and after the Effective Date.

<u>JURISDICTION AND VENUE</u>

4.    This Court has federal question subject matter jurisdiction of this action under 28 U.S.C. §§ 1331, 1338, because this case involves a federal question arising under the trademark laws of the United States.

5.    This Court has supplemental jurisdiction over Singapore Math's Oregon tortuous interference with contracts and unlawful business, trade practices claims. In particular, those Oregon claims form part of the same case or controversy as Singapore Math's claims arising under federal

trademark law. Therefore, this Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391, because the injury from Defendant's actions is felt in this district and a substantial part of the events giving rise to the claims of this action occurred in Oregon.

<u>BACKGROUND FACTS</u>

7.      Since about 2000, Plaintiff Singapore Math has been a national educational publisher that has helped elementary and secondary educational institutions and homeschoolers with mathematics courses for children.

8.      As part of its ongoing business, Singapore Math owns trademarks and/or service marks, including the following trademarks registered with the U.S. Trademark Office: (1) U.S. Reg. No. 4,030,323 for the mark SINGAPORE MATH, for "educational publications, namely, educational learning cards, flash cards, activity cards, workbooks, textbooks, activity books, story books, puzzle books, printed puzzles, teacher guides, manuals, posters, educational card games and educational booklets in the field of mathematics, in International Class 16" and (2) U.S. Trademark Reg. No. 3,866,259 for the mark SINGAPOREMATH.COM, for "educational publications, namely, educational learning cards, flash cards, activity cards, workbooks, textbooks, activity books, story books, puzzle books, printed puzzles, teacher guides, manuals, posters, educational card games and educational booklets in the field of mathematics, in International Class 16" . Copies of the Trademark Registrations are appended hereto as Exhibits 1 and 2.

9.      Prior to about 2010, Singapore Math's competitors limited their use of SINGAPORE MATH to descriptive uses of that phrase, wherein that phrase and similar ones, such as Singapore mathematics, are used in regular text within phrases such as "Singapore math and

science courses provide an excellent form of instruction in those subjects."

10.    In 2010-2011, Defendant HMH's bankrupt predecessor began making trademark uses of the terms "Singapore" and "Math" by prominently displaying both terms as a phrase, and identifying itself as the only authorized supplier of SINGAPORE MATH publications.

11.    Since June 22, 2012, Defendant HMH has done what its bankrupt predecessor did as recited in paragraph 10.

12.    Defendant HMH's conduct recited in paragraph 11 was done without authorization from Singapore Math, and with the knowledge that Singapore Math had accused Defendant HMH's bankrupt predecessor of trademark infringement as recited below.

<u>CLAIM 1 – Federal Trademark Infringement</u>

13.    This claim is for trademark/service mark infringement under 15 USC § 1051 et seq. and particularly § 1114 thereof.

14.    Singapore Math hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

15.    Defendant HMH's use in commerce of the mark SINGAPORE MATH, which is identical or confusingly similar to Singapore Math's registered marks, has caused and is likely to continue to cause confusion among consumers, including a mistaken belief that Defendant HMH is affiliated with Singapore Math, that Defendant HMH's business is sponsored or otherwise approved by Singapore Math, that Defendant HMH has obtained Singapore Math's permission to use the SINGAPORE MATH mark in conjunction with sales of Defendant HMH's publications, and/or that Singapore Math is the actual source of Defendant HMH's publications.

16.    Defendant HMH's unauthorized acts, as alleged above, infringe Singapore Math's rights in its federally registered SINGAPORE MATH and SINGAPOREMATH.COM marks, in violation of 15 U.S.C. § 1114.

17.    Defendant's acts are willful and intentional.

18.    Singapore Math is entitled to recover Defendant HMH's profits, any damages sustained by Singapore Math, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest. 15 U.S.C. § 1117.

19.    Defendant HMH's willful and intentional infringement of Singapore Math's trademark rights has caused irreparable injury and damage to Singapore Math's business, and to its accumulated customer goodwill and reputation. This damage cannot be quantified, and if allowed to continue will leave Singapore Math with no adequate remedy at law.

20.    Singapore Math is entitled to injunctive relief to prevent further acts of infringement of Singapore Math's marks, to recall any products sold in a manner that infringe Singapore Math's marks, and any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116, and due to the irreparable injury to Singapore Math resulting from Defendant HMH's acts.

<u>CLAIM 2 – Federal Unfair Competition</u>

21.    This claim is for federal unfair competition and false designation of origin under 15 USC § 1051 et seq. and particularly § 1116, 1117, 1125 thereof.

22.    Singapore Math hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

23.     Defendant HMH's knowing and intentional unauthorized adoption and use of a mark identical to Singapore Math's marks in association with Defendant HMH's publications have been and continues to be a false designation that Defendant HMH's publications are derived from or affiliated with Singapore Math's publications.

24.     Defendant HMH's improper use of a mark identical to Singapore Math's marks has caused and is likely to continue to cause consumer confusion, including a mistaken belief that Defendant HMH is affiliated with Singapore Math, that Defendant HMH's publications are sponsored by or approved by Singapore Math, and/or that Defendant HMH is otherwise associated with Singapore Math or authorized by Singapore Math to use the SINGAPORE MATH or SINGAPOREMATH.COM marks in connection with Defendant HMH's publications.

25.     As a result of the unauthorized activities described above and in violation of 15 U.S.C. § 1125(a), Defendant HMH has used and continues to use false designations of origin of Defendant HMH's publications, false or misleading descriptions of fact, and false or misleading representations of fact, each of which is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant HMH with Singapore Math, or as to the origin, sponsorship, or approval of Defendant HMH's publications by Singapore Math. Furthermore, Defendant HMH's acts are willful and intentional.

26.     Singapore Math is entitled to recover Defendant HMH's profits, any damages sustained by Singapore Math, three times the greater of such profits or damages, and the costs of this action, including attorney fees and prejudgment interest. 15 U.S.C. § 1117.

27.     Defendant HMH's willful and intentional acts of unfair competition, false designation of origin, and false description have caused irreparable injury and damage to Singapore Math's business, and to its accumulated customer goodwill and reputation. This damage cannot be

quantified and, if allowed to continue, will leave Singapore Math with no adequate remedy at law. Singapore Math is entitled to injunctive relief to prevent further acts of unfair competition, false designation of origin, and false description, and to any other relief the Court deems appropriate, pursuant to 15 U.S.C. § 1116 and due to the irreparable injury to Singapore Math resulting from Defendant HMH's acts.

<u>CLAIM 3 – Oregon Unlawful Business, Trade Practices</u>

28.     This claim is for unlawful business, trade practices arising under ORS 646.608 *et seq.*

29.     Singapore Math hereby realleges and incorporates by reference the allegations in the foregoing paragraphs as though fully set forth herein.

30.     Defendant HMH has caused and continues to cause a likelihood of confusion or a misunderstanding as to the source, sponsorship, approval, or certification of its publications sold under a mark identical to Singapore Math's, by committing the acts alleged above.

31.     Defendant HMH has caused and continues to cause a likelihood of confusion or a misunderstanding as to Defendant HMH's affiliation, connection, association with, or certification by Singapore Math, by committing the acts alleged above.

32.     Singapore Math is entitled to recover compensatory and punitive damages in an amount to be determined at trial, plus an award of attorney fees and prejudgment interest, pursuant to ORS 646.632.

33.     Singapore Math also is entitled to injunctive relief ordering Defendant HMH, and anyone acting in concert with Defendant HMH, to immediately stop its unlawful trade practices and to provide corrective advertising to disclaim any association between Defendant HMH and Singapore Math, and any other relief the Court deems appropriate.

WHEREFORE, Singapore Math prays for judgment as follows:

1.      That Defendant HMH be preliminarily and permanently enjoined from all trademark infringement;

2.      That Defendant HMH be required to deliver up to Singapore Math any and all product and product packaging, labels, displays, advertising or other materials in the possession of Defendant HMH, or under its control, that include or infringe any of Singapore Math's rights, including any drawings, designs, documents, brochures, web pages, and other items copied or derived from Singapore Math's materials;

3.      That Defendant HMH be required to supply Singapore Math with a complete list of entities to whom it has sold, offered to sell, delivered or offered to deliver, directly or indirectly, product infringing Singapore Math's rights.

4.      That Defendant HMH be directed to file with this Court and serve on Singapore Math within thirty (30) days after the service of an injunction a report in writing under oath setting forth in detail the manner and form in which Defendant HMH has complied with the injunction.

5.      That Singapore Math recover all damages suffered from Defendant HMH's acts including statutory damages or actual damages and Defendant HMH's profits;

6.      That Singapore Math recover enhanced damages;

7.      That Singapore Math recover its reasonable attorney fees, costs and disbursements; and

8.      That Singapore Math recover such other relief as the Court deems just and proper.

<u>JURY DEMAND</u>

Singapore Math hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

KOLISCH HARTWELL, P.C.


Dated:  <u>September 4, 2012</u>        <u>        s/ David P. Cooper        </u>
David P. Cooper
Attorneys for Plaintiff Singapore Math, Inc.